UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FELIX OMOROGBE, PATRICIA OMOROGBE, DOLAKPO ALAO, JULIET ARTHUR-OGUNYOYE, and RHONDA SUTTON. | No. 18 CR 380 -ALL<br><br>Judge Jorge L. Alonso |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendants Felix Omorogbe, Patricia Omorogbe, Dolakpo Alao, Juliet Arthur-Ogunyoye, and Rhonda Sutton ("defendants") and defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendants and defendants' counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons consulted, appointed or employed to assist in the defense, persons who are

1

interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Certain materials to be disclosed by the government contain particularly sensitive information, including medical information of one or more persons other than the defendant. These materials shall be plainly marked as sensitive by the government prior to disclosure. No such materials, or the information contained therein, may be disclosed to any persons other than defendants, counsel for defendants, persons consulted, appointed or employed to assist the defense, the person to whom the sensitive information solely and directly pertains, or potential witnesses and their counsel without prior notice to the government and authorization from the Court. Potential witnesses and their counsel may not retain copies of the sensitive materials or information. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if defendant chooses to include in a public document sensitive information relating solely and directly to defendant).

4. Defendants, defendants' counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defendants, defendants' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be

disseminated or used in connection with any other matter without further order of the Court.

8. To the extent any material is produced by the United States to defendants or defendants' counsel by mistake ("inadvertently disclosed material"), the United States shall have the right to request the return of the inadvertently disclosed material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall either (a) return all such inadvertently disclosed material if in hard copy, and in the case of electronic materials, certify in writing that all copies of the specified inadvertently disclosed material have been deleted from any location in which the inadvertently disclosed material was stored, or (b) sequester all copies of the inadvertently disclosed material and petition the Court under seal to retain access to the inadvertently disclosed material. Defendants and/or defendants' counsel shall not use or disclose the inadvertently disclosed material until such petition is resolved.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses

4

specially identified sensitive information as described in Paragraph 3 above shall be filed under seal, absent prior permission from this Court, unless the parties agree on appropriate redaction of sensitive information.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTERED:

7/5/18

_____
JORGE L. ALONSO
United States District Judge